T.C. Summary Opinion 2002-85

UNITED STATES TAX COURT

MICHAEL A. AND TERESA F. ALBACH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11500-01S.            Filed July 11, 2002.

Michael A. Albach, pro se.

Douglas S. Polsky, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  All Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined deficiencies of $3,983 and $7,182 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $797 and $1,436.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Albuquerque, New Mexico.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax return. For 1998, petitioners claimed itemized deductions totaling $19,380, which were totally disallowed by respondent. For 1999, petitioners deducted $36,214, of which $25,655 was disallowed by respondent. Petitioners were allowed itemized deductions for 1999, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c); however, for 1998, petitioners were allowed the standard deduction in lieu of itemized deductions. For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous deductions. In addition, for 1998, respondent disallowed a dependency exemption deduction and disallowed itemized deductions, for that year, of $894 for taxes and $2,743 for interest. At trial, respondent conceded the

adjustments for the disallowed dependency exemption, the taxes, and the interest.

The issues for decision are:  (1) Whether petitioners are entitled to charitable contribution deductions, unreimbursed employee expenses, and tax preparation fees for the 2 years at issue, and (2) whether petitioners are liable for the accuracy-related penalties under section 6662(a).  In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

Petitioners were both employed during the 2 years in question.  Mr. Albach was employed by a medical laboratory as a courier and facility and securities manager, and Mrs. Albach was a blackjack dealer at a casino.  They reported combined wages of $52,797 and $85,803, respectively, for 1998 and 1999.

For prior years, Mr. Albach (petitioner) prepared petitioners' Federal income tax returns.  Petitioner was in the military and had no difficulty preparing their returns.  In December 1997, petitioner retired from the military and took on private employment.  With the military pension he was receiving, along with the wages he and his wife were earning, their combined income during 1998 increased considerably from their income in prior years.  Nevertheless, as he had done in prior years, petitioner prepared their joint return for 1998, which was filed.  Thereafter, petitioner began having second thoughts about the

1998 return he had prepared and had the feeling that perhaps he and his wife might have been paying "too much" in taxes. He inquired with several of his friends, who recommended that he consult Robin Beltran, a tax return preparer "who has been doing a great job for years" in preparing income tax returns. Petitioner contacted Mr. Beltran, who met with petitioners at their home. He prepared an amended return for 1998, which petitioners filed. The adjustments in the notice of deficiency are to the amended return for 1998. Petitioners also engaged the services of Mr. Beltran for their 1999 return.[2]

In preparing their returns, Mr. Beltran did not request any substantiating documentation for any of the deductions at issue. Petitioners' understanding was that Mr. Beltran used a "formula" in arriving at the amounts deducted on the returns for charitable contributions and unreimbursed employee expenses. Mr. Beltran's tax preparation fees were 10 percent of the amounts claimed as refunds on the returns.

The itemized deductions at issue for the 2 years in question consisted of the following:

---

[2] This case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

|                                | 1998    |         | 1999    |         |
|--------------------------------|---------|---------|---------|---------|
| Charitable contributions       |         |         |         |         |
|   Cash               | $5,925  |         | $7,266  |         |
|   Noncash            | 413     | $ 6,338 | 413     | 7,679   |
| Unreimbursed employee expenses |         | 10,468  |         | 18,791  |
| Tax preparation fees           |         | 300     |         | 1,200   |

Petitioner acknowledged at trial that their actual charitable contributions were considerably less than the amounts deducted on their returns.  He estimated that their cash contributions were approximately $400 per year, but the greater amount for both years was military memorabilia, which petitioners donated to a thrift store on a military base.  Petitioners presented no records at trial to substantiate any of the cash contributions, nor was any information presented listing the items of property donated and the values of such properties.  Nor, as noted earlier, did Mr. Beltran request or solicit such information from petitioners.  Although the Court is allowed some discretionary authority in allowing some basic amount as a deduction when the Court is satisfied from the record that a payment or contribution was made pursuant to the case of Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), the Court declines to do so in this case because there is no evidence in the record from which the Court can conclude that any charitable contributions were in fact made by petitioners during the years in question.

With respect to the unreimbursed employee expenses, petitioner incurred expenses in the use of his personal vehicle in making deliveries for his employer. However, he maintained no logs to document the use of his vehicle, nor did not retain any receipts or any other documentary information to substantiate any amount paid or incurred for such expenses. Such expenses are subject to the strict substantiation requirements of section 274(d), either through an account book, diary, statement of expense, or similar record. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed Reg. 46017 (Nov.6, 1985). The Court, therefore, sustains respondent in disallowing the unreimbursed employee expense deductions for the 2 years in question. The tax preparation fees, although deductible and allowed, are deductible only to the extent such expenses exceed 2 percent of adjusted gross income. Sec. 67(a). Whether petitioners realize any tax benefit from this allowance will be determined in the Rule 155 computation.

Petitioners contend they should be absolved of liability for the section 6662(a) penalties because they relied on the representations of their return preparer.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec.

6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that

is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered.  In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners knew that the amounts claimed as deductions on their returns for charitable contributions were excessive, and

that the amounts claimed were not substantiated by any documentary evidence. They knew the amounts claimed were false. They knew that Mr. Beltran arrived at the amounts claimed based on a formula, which Mr. Beltran claimed was "allowed" by the Internal Revenue Service. Since Mr. Beltran based his tax preparation fees on the amounts claimed as refunds, the Court questioned petitioner at trial as to whether he had any concerns about such a practice. Petitioner admitted he had concerns but never pursued the matter further.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer. They knew that the items at issue were false. Petitioner knew that the practice of basing tax preparation fees on the percentage of the refund could and did in fact invite the preparer to claim inflated deductions on the returns. Such knowledge and reservations by petitioners should have prompted them to look beyond Mr. Beltran to have their returns accurately prepared and whether or not Mr. Beltran's use of a "formula" was a correct application of the tax law, particularly with regard to certain expenses that are only deductible if strict substantiation requirements are followed. Petitioners did not do that and, therefore, made no effort to accurately assess their tax liability for the 2 years in question. On this record, the Court

sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. The Court considers petitioners' claim that they should not be liable for the deficiencies and penalties to be frivolous and groundless. Petitioners knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained. Petitioners knew that they could deduct only amounts that they had actually paid. They made no attempt to determine the qualifications of their return preparer and, moreover, did not seek other professional advice to satisfy the concerns they had over the returns prepared by Mr. Beltran. Petitioners cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable and prudent person, under the facts presented to the Court, should have known that petitioners' claimed deductions could not have been sustained, and petitioners knew that. This Court does

not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, his return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable. Golub v. Commissioner, T.C. Memo. 1999-288. Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider. Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.